U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FORT WORTH DIVISION
FILED

2019 DEC 13  PM 1:06

DEPUTY CLERK _____

United States District Court For The Northern
District of Texas

Clifton, Darrell Perry # 02101830     **4-19CV1028-A**
        Plaintiff                       case number

                    V.

Gary Currie, Lorie Parker, Patsy Johnson
Sharon Peters, Captain Decola, Kayla Rigby
Bruce Rasco, Roxanna Charlisle
Charles Welmoth and Serena Ince
@ 4000 North 10th Street
Bridgeport, Tx   76426
        defendants

## I. Juridiction & Venue

1. This is a civil action Authorized by 42 U.S.C. Section 1983 to redress the deprivation under color of State law, of rights secured by the constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 2201 and 2202.

2. The Northern District of Texas is an appropriate venue under 28 U.S.C. section 1391(b)(2) because it is where the events giving rise to this claim occurred.

1 of 16

United States District Court For The Northern District of Texas

Clifton Darrell Perry #02101830
_____ Plaintiff

Case number

V.

Gary Currie, Lonie Parker, Patsy Johnson
Sharon Peters, Captain Decola, Kayla Rigby
Bruce Rasco, Roxanna Charlisle
Charles Wilmoth and Serena Ince
@  4000 North 10th Street
Bridgeport, Tx    76426
defendants

continued...

## II  Plaintiff

3.  Plaintiff Clifton Darrell Perry #02101830 is and
was at all times mentioned herein a prisoner of
the Texas Department of Criminal Justice in custody
of the private contractor M.T.C. (Management training career)
in Bridgeport, Texas and is currently confined in
T.D.C.J. Billy Moore Unit Under private contractor M.T.C.
in Overton, Texas

## III  Defendants

4.  Defendant Gary Currie is the Warden of Bridgeport
Correctional Center in Bridgeport, Texas. He is legally
responsible for the operations of Bridgeport Correctional Center
and for the welfare of all of the offenders housed
in that facility at 4000 North 10th Street Bridgeport, Tx  76426

: 2 of 16

United States District Court For The Northern
District of Texas

<u>Clifton Darrell Perry</u>   #<u>02101830</u>   _____
Plaintiff                                    case number

### V.

Gary Currie  Lorie Porter, Patsy Johnson,
Sharon Peters  Captain Decola, Kayla Rigby,
Bruce Rasco, Roxanna Charlisle,
Charles Welmoth and Serena Ince
@ 4000 North 10th Street
<u>Bridgeport, Tx   76426</u>
defendants

<u>III   Defendants continued...</u>

5. Defendant Captain Decola was the Captain of Bridgeport
Correctional Center and his duty was to run disciplinary
hearings and follow the Majors orders. Only address Able
to obtain At Stevensons Unit Law Library is 4000 North 10th Street,
Bridgeport, Tx. 76426

6. Defendant Patsy Johnson is the Cheif of Classifications
and makes final decisions on offenders housing, And
job At the Bridgeport Correctional Center.

7. Defendant Sharon Peters is part of Classification - courtroom
that houses offenders and informs offenders of
disciplinary hearings @ the Bridgeport Correctional Center.

United States District Court For The Northern
District of Texas

Clifton Darrell Perry    #02101830    _____
         Plaintiff                              Case number

V.

Gary Currie, Lorie Parker, Patsy Johnson,
Sharon Peters, Captain Decola, Kala Rigby,
Bruce Rasco, Roxanna Charlisle,
Charles Welmoth, Serena Ince
@ 4000 North 10th Street
   Bridgeport, Tx   76426
         defendants

III Defendants continued...

8. Defendant Kala Rigby was classification clerk and
records at Bridgeport Correctional Center

9. Defendant Charles Welmoth was a Lieutenant at
Bridgeport Correctional Center and his duty is to
oversee the Correctional Officers and Operations
of the prison.

10. Defendant Lorie Parker is the Texas Department of
Criminal Justice advisor that oversees the unit and
makes sure it is running by T.D.C.J. Policy.

11. Defendant Roxanna Charlisle was a seargent and is
now Lieutenant at Bridgeport Correctional Center. Her
duties are operation and safety of offenders.

page 4 of 16

United States District Court For The Northern District of Texas

Clifton Darrell Perry   #02101830   _____

_____Plaintiff_____                              CASE number

v.

Gary Currie, Lorie Parker, Patsy Johnson,
Sharon Peters, Captain Decola, Kala Rigby,
Bruce Rasco, Roxanna Charlisle,
Charles Welmoth, and Serena Ince
@ 4000 North 10th Street
    Bridgeport, Tx    76426
    defendants

III. Defendants continued...

12. Defendant Bruce Rasco is a Correctional Officer
at Bridgeport Correctional Center and his duties
are Safety and Welfare of offenders as well
as to inventory offender property.

13. Defendant Serena Ince was the grievance
coordinator and her duties are to investigate
grievanced issues At Bridgeport Correctional Center.

14. Each defendant mentioned herein and above is
sued individually, Jointly, severely, and in
his/her official Capacity at All times mentioned
in this Complaint each defendant Acted under the
color of State law.

United States District Court For The Northern
District of Texas

Clifton Darrell Perry # 02101830
_____
Plaintiff                              Case number

V.

Gary Currie, Lorie Parker, Patsy Johnson,
Sharon Peters, Captain Decola, Kala Rigby,
Bruce Rasco, Roxanna Charlisle,
Charles Welmoth and Serea Ince.
@ 4000 North 10th Street
Bridgeport, Tx 76426
defendants

## IV. Facts

15. On July 15, 2018 I spoke with Lt. Charles
Welmoth and informed him that my cell-mate
Mr. Alaniz was acting funny and throwing things around
in the cell, and that I felt threatened and feared
for my safety. Lt. Welmoth told me that he could
only do so much, that I should send Mrs. Peters
an I-60 -(Request to Officials)

16. On July 20, 2018 I sent Mrs. Sharon Peters/Classifications
an I-60 asking them to seperate Mr. Alaniz and myself
because Mr. Alaniz was acting funny, cussing me and
throwing things around in the cell (B-202)
(... Exhibit A: ~~████████████~~)

United States District Court For The Northern
District of Texas

Clifton Darrell Perry    # 02101830    _____
Plaintiff                                    case number

          V.
Gary Currie, Lorie Parker, Patsy Johnson,
Sharon Peters, Captain Decola, Kala Rigby,
Bruce Rasco, Roxanna Charlisle,
Charles Wilmoth, and Serena Ince
    @ 4000 North 10th Street
    Bridgeport, Tx     76426
          defendants

          IV  Facts continued...

17. On August 3 2018 Around 2:45 pm Mr. Alaniz my
    cell-mate came into the cell (B-202) behind me
    As I was making a cup of coffee and hit me
    with a fan in the neck, back, side of my shoulder
    and face in which I recieved several injuries.
    List of injuries Are in medical records. Exhibit B

18. As Mr. Alaniz swung again I swung with my right
    hand, while holding the hot-pot still from making
    my cup of coffee, to block Mr. Alaniz from hitting me
    again and in doing so I struck Mr. Alaniz and busted
    his head open as the fan hit my face and neck which
    did cut my mouth and nose.

United States District Court For The Northern
District of Texas

Clifton Darrell Perry          # 02101830          _____
_____                             case number
        Plaintiff

        V.

Gary Currie Lorie Parker Patsy Johnson
Sharon Peters Captain Decola, Kayla Rigby
Bruce Rasco, Roxanna Charlisle
Charles Welmoth and Serena Ince
@ 4000 North 10th Street
    Bridgeport, Tx    76426
        defendants

## IV Facts continued...

19. On August 7, 2018 chief of classifications Mrs.
Patsy Johnson used prejudice when she came to
the Seg. Area in T-Pod and told Alaniz that
she was going to G-5 me off the unit
and allow him (Mr Alaniz) to remain G-2 status
and submit him for his S-2 trustee status.
There was no hearing or anything when she did this,

20. On August 8, 2018 at 6:00 am Lt. Wingrette came
and asked me what happened. I told him about Alaniz
attacking me with a fan and how I reacted out of
self-defense. Lt. Wingrette talked to Captain Decola and
they both agreed to throw the report away. Exibit. C

United States District Court
For the Northern District of Texas

CLIFTON DARRELL PERRY #210-1830 TDCJ

Plantiff

V

Case number

Gary Currie, Lorie Parker, Paty Johnson,
Sharon Peters, Capt. Decala, Kala Rigby
Bruce Rasco, Roxanna Charliste, Charles Welmoth,
and Serena Ince

4000 North 10th Street
Bridgeport, Texas 76426

Defendents

## IV Facts Continued...

21.) On Aug. 8, 2018 at 3:30p.m. Sgt. Charlisle came to my cell T-265 and asked what happened and got my statement again. She stated that the report magically disappeared.

22.) On Aug. 9, 2018 Couns Substitute Bonnie M. Milligan came and told me I was being charged with Fighting Adrain Alaniz with a weapon, namely a hotpot filled with hot water.

23.) On Aug. 9, 2018 at 3:45 pm. Property officer Bruce Rasco came to my cell T-265 and handcuffed me and escorted me to Major Shaws office where Major Shaw and Bonnie Milligan was seated. I plead Self-defense and Major Shaw gave me 15-15-15 restriction Telephone, Commassary rec

24.) On Aug. 13, 2018 Sgt. Hinnie and Sgt. Charlisle escorted me to Major Shaw's office while Cpt. Decala Property officer Rasco and Chief Classification Patsy Johnson was. As I enter the room Patsy Johnson told them this is the one.

United State District Court
for the Northern District of Texas

Clifton Darrell PERRY TDCJ#02101830
Plantiff

v.

Gary Currie, Lorie Parker, Patsy Johnson
Sharon Peters, Capt. Decola, Kala Rigby
Bruce Rasco, Roxanna Charlisle, Charles Walmoth
and Serena Ince

4000 North 10th Street
Bridgeport, Texas 76426

Defendant

Case Number

## IV Facts Continued...

25.) Capt. Decola asked me if I was charged with a major case. I said out of self defense of being attacked by Alaniz. Capt. Decola said he was G-5ing me. The property officer Bruce Rasco said well I am G-5ing him. Patsy Johnson said I will be off the unit in 30 days.

26) Adrain Alaniz went to UCC right after me and they put him back in population the same day just like Pasty told him she was going to do.

27) Plantiff Perry used a prisoner's greavence proceduce available at Bridgeport Correctional center to try and solve the problem. On August 14, 2019 Plantiff Perry presented the facts relating to this complaint. On September 6, 2018 my grievence was signed by the Warden Gary Currie that the offense was proponds to the evidence and severity of the offense. No further action warrented.

28) On September 10, 2018 my step 1 and step 2 and all documents were sent to Huntsville and I left Bridgeport Correctional Center and came to Stevenson Unit which I was G-4rd until my case was overturned November 2nd and I was put back in population with my S-3 trustee Status.

United State District Court
of the Northern District of Texas

Cliften Parrell PERRY TDCJ#02101830
      Plantiff                                    Case Number
Gary Currie, Larie Parker, Patsy Johnson
Sharon Peters, Capt. Decola, Kala Rigby
Bruce Rasco, Roxanne Charlisle, Charles Walmath,
and Serena Ince.
          4000 North 10th Street
      Bridgeport Texas 76426
            Defendent

## IV Facts Continued...

29) I also turned in a step 1 on 09-09-2018 about my
rights being violated and it never got signed nor returned.
I sent in a Step 2 and the copy and never got the copy or
anything back.

## V legal Claims

30) Defendants Peters, Johnson, Rigby, LT. Walmath, and
Warden Currie was prejuduce, negligence which were
cruel and unusal punishment with evil intent they failed
to protect me from being attacked by another prisoner, which
is a breech of duty which plantiff Perry recieved physical
injuries and violated Plantiff Perry rights under the 8th
amendments to the United State Constitution which was
cruel and unusaul punishment causing Plantiff Perry pain
suffering physical injury emotional distress and to be
irreparable stigmatized and to lose wife and contact of
family.

31) Defendants Warden Currie Parker Johnson LT. Walmath
Sgt. Charlisle Rasco and Capt. Decola used preduice
deliberate indiffence cruel and unusaul punishment and
breech of duty with evil intent by G-5ing Plantiff Perry and
putting offender Alaniz back in population when plantiff Perry

Page 11 of 16

United States District Court
of the Northern District of Texas

Clifton DARRELL PERRY TDCJ#0210830
    Plantiff

                                    Case number
                                _____

Gary Currie, Lane Parker, Pasty Johnson
Sharon Peters, Capt. Decola, Kala Rigby
Bruce Rasca, Roxanna Charlislie, Charles Walmoth
and Serena Ince
        4000 North 10th Street
    Bridgeport Texas 76426
        Defendant

## V legal Claims Continue ...

31) was only acting out in self defense from offender Alaniz attacking him with a fan, the 08th Amendment of the Constitution and causing Plantiff Perry pain, suffering, emotional distress, physical injuries and to be irrepacable stigmatized.

32) Defendant Currie, Parker, and Ince did not properly investagate the incident and grievences and allowing Defendant Rigby and Peters to tamper and sign off on the grievences and not follow policy Defendants Currie Parker and Ince is violating plantiff Perry eight Amendment to the United States and has Cause and is causing plantiff Perry pain and Suffering to be irrepacable stigmatized and emotional distress.

33) By allowing Defendant Johnson, Peters, Rigby, Rasca, Charlise Walmoth, Ince and Decola's misconduct deliberate indifrence and cruel and unusual punishment Defendant Currie and Parker is also violating plantiff Perry rights under the Eight Amendment to the United State Constitution and Causing Plantiff Perry Pain Suffering and to be Irreparable stigmatized

34) By tampering with the grevences and not allowing them to go through causing Plantiff Perry to stay Segged and Shipped off the unit to be G-Bed and losing family      is violation to Plantiff Perry's rights under the First and Eight Amendment to the

Page 12 of 16

United States District Court
for the Northern District of Texas

Cliftan Darrell PERRY TDCJ #02101830
Plantiff

V

_____
Case number

Gary Currie, Lorie Parker, Pasty Johnson
Sharon Peters, Capt. Decola, Kala Rigby
Bruce Rasco, Roxanna Charlisle, Charles Walmath,
and Serena Ince

4000 North 10th Street
Bridgeport, Texas 76426
Defendant

## V Legal claim Continue . . .

34) United Constitution. These illegal actions are Caussing Plantiff Perry injury to his First and 8th Amendment rights.

35) Plantiff Perry has no plain adequate or complete remedy at law to confess the wrongs describe here in. Plantiff Perry has been and will continue to be irreparably injured by the conduct of the Defendants unless this court grants the declaratory, Compensatory, and punitive damage relief Plantiff Perry seeks.

United States District Court
of the Northern District of Texas

Clifton DARRELL PERRY TDCJ#0210/830
  Plaintiff
          V.                                    Case number
Gary Currie, Larrie Parker, Pasty Johnson,
Sharon Peters, Capt. Decola, Kala Rigby
Bruce Rasco, Roxanna Charlislie, Walmath
and Serena Ince

          4000 North 10th Street
        Bridgeport, Texas 76426
              Defendant

## VI Prayer For Relief

Wherefore Plantiff Perry respectfully pray that this
Court enter Judgement:

36.) Granting Plantiff Perry a declaration that the acts and omissions
describe herein violate his rights under the Constitution and
laws of the United State and

37.) Granting Plantiff Perry Compensatory demages in the amount of
$50,000.00 against each Defendant

38.) Plantiff Perry also seeks punitive damages in the amount of
$35,000.00 against each Defendant

39.) Plantiff Perry seeks a jury trial on all issues in a timely
manner trieble Jury.

40.) Plantiff Perry also seeks recovery of cost in this suit paid and still owed

41.) And any additional relief this court deems just proper and
equitable.

        Respectfully Submitted,
      Mr. Clifton Darrell Perry
          T.D.C.J.#02101830
          Billy Moore Unit
          8500 N.F.M. 3053
          Over Ton, Texas. 75684

Page 14 of 16

United States District Court
of the Northern District of Texas

Clifton DARRELL PERRY TDCJ# 02101830
Plantiff

Case number _____

Gary Currie, Lorie Parker, Pasty Johnson,
Sharon Peters, Capt. Decoda, Kala Rigby,
Bruce Rasco, Roxanna Charlistic, Charles Walmath,
and Serena Ince

4000 North 10th Street
Bridgeport, Texas 76426

Defendant

## Verification

I have read the foregoing complaint and hereby verify that the matters alleged therein are true except as to matters alleged on information and belief and as to those I believe them to be true. I Certify under penalty of prejury that the forgoing is true and correct

Executed at Overton Texas

Clifton Darrell Perry TDCJ# 02101830
Clifton Darrell Perry

November 26th 2019

C.  Has any court ever warned or notified you that sanctions could be imposed?  _____YES  ✓ NO

D.  If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

1.  Court that issued warning (if federal, give the district and division):  _N/A_____

2.  Case number:  _N/A_____

3.  Approximate date warning was issued:  _N/A_____

Executed on:  _11-25-2019_
DATE

_Clifton Darcell PERRY #2101830_
_Clifton Perry_
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1.  I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2.  I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3.  I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4.  I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5.  I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this  _15th_  day of  _November_ , 20 _19_ .
(Day)                              (month)                (year)

_Clifton Darcell Perry #2101830_
_Clifton Darcell Perry #2101830_
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

**Texas Department of Criminal Justice**

# STEP 1
### OFFENDER GRIEVANCE FORM

OFFICE USE ONLY

Grievance #: 3018181058

Date Received: AUG 1 0 2018   AUG 1 4 2018

Date Due: 09-13-2018

Grievance Code: 411

Investigator ID #: I-2143

Extension Date:

Date Retd to Offender: SEP 0 7 2018

Offender Name: Clifton Darrell Perry   TDCJ # 2101830

Unit: Bridgeport   Housing Assignment: T-265

Unit where incident occurred: Bridgeport Correctional Center

Case # 20180320979   AUG 1 0 2018

You must try to solve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Sargt. Hannie - Sargt. Carlie   When? 08-13-2018

What was their response? Write a step 1   AUG 1 0 2018

What action was taken? None

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

I Clifton Darrell Perry #2101830 I was charged with a major case on 08-09-2018 for fighting adrian alanir #1956777 with a hot pot filed with water that resulted Adrian Alaniz to receive stitches in his head. I was acting out of self-defense. Adrian Alaniz hit me with my fan while I was making a cup of coffee and out of reaction I swung and hit Adrian with my hot pot. I only hit alanir with my hot pot out of self defense of him hitting me with the fan and attacking me. He lied and said he was setting on his bed and the statement I gave proved he attacked me from behind. I understand I have to be punished but I am appealing getting G5. I don't understand why I am getting G-5 for self-defense when adrian alanir #1956777 started the fight by hitting me with my fan and attacking me which with the pictures and statement proving the fact and Adrian Alaniz kept his G5 status.   AUG 1 0 2018

I-127 Front (Revised 11-2010)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**   (OVER)

SEP 1 4 2018   Appendix F

# Texas Department of Criminal Justice

## STEP 1

**OFFENDER GRIEVANCE FORM**

Grievance #: _____

Date Received: _____

Date Due: _____

Grievance Code: _____

Investigator ID #: _____

Extension Date: _____

Date Retd to Offender: _____

Offender Name: Clifton Perry     TDCJ # 2107830

Unit: Bridgeport Correctional Center   Housing Assignment: T-265

Unit where incident occurred: Bridgeport Correctional Center

AUG 27 2018

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Sargt. Hannie, Sargt. Carlie     When? 08-19-2018

What was their response? Appeal it with a step 1     AUG 27 2018

What action was taken? None yet

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

Section II. B. Time limits States that     Case# 20180320979
Whenever Possible, the hearing shall be held within 72 hours of the offender's Placement in Pre hearing detention. If the offender is not given a hearing within 72 hours, the reason for the delay shall be included in the record of the hearing.

I was Placed in Pre hearing detention on August 2, 2018 at around 3:30 pm. My hearing was not conducted until Thursday August 09, 2018 at 4:40 pm and the delay of the hearing not being held within 72 hours of me being placed in Pre-hearing detention was not in the record of the hearing.

Also, Lt. Wingertte came and got my statement on 08-07-2018 and when I told him what happened, Lt. Wingertte went and talked to the captain and the captain told Lt. Wingertte to throw the case away. Well around 4pm, Sargt. Carlie came and asked me what happened again and turned another case in after the captain had already had my case thrown out, and Mrs. Peters did not respond to the I-60 I sent on July 30, 2018, Mrs. Peters intentionally left my life at risk with Adrian Alaniz.

AUG 27 2018

---

I-127 Front (Revised 11-2010)     **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**     (OVER)

Appendix F

**Texas Department of Criminal Justice**
*INSTRUCTIONS ON HOW TO WRITE AND SUBMIT GRIEVANCES*

1.  *Grievance forms are available from the law library, housing area, shift supervisors, or by contacting the unit grievance office.* After completely filling out the form, place it in the grievance box yourself or hand it directly to the grievance investigator on your unit. *Step 2 appeals must be accompanied by the original, answered Step 1.*

2.  An attempt to informally resolve your problem must be made before filing a grievance. *Informal resolution* is defined as any attempt to solve the issue at hand and must be noted on the Step 1 grievance form (I-127). You have 15 days from the date of the alleged incident or occurrence of the issue presented in which to complete the Step 1 grievance form and forward it to the unit grievance investigator (UGI). The Step 1 process may take up to 40 days from the date the unit grievance office receives the Step 1 form to respond. Disciplinary appeals are required to be completed within 90 days. If you are not satisfied with the Step 1 response, you may appeal the Step 1 decision by filing a Step 2 (I-128). You have 15 days from the date returned to offender on the Step I to submit the Step 2 to the grievance investigator on the unit. The Step 2 process may take up to 40 days to provide you a written response or 45 days for medical grievances. *Present only one issue per grievance.*

3.  *Additional time* may be required in order to conduct an investigation at either Step 1 or Step 2 and in either case; you will be *notified of the extension in writing.*

4.  *Complete your grievance using a typewriter or dark ink. If you need assistance filing a grievance or understanding a response, contact your unit grievance investigator.*

5.  *The following issues are grievable through the Offender Grievance Procedure.* Remember that you may only file a grievance on issues that PERSONALLY APPLY TO YOU unless you are reporting a sexual assault, sexual abuse, or sexual contact on behalf of another offender.
    *   The interpretation or application of TDCJ policies, rules, regulations, and procedures.
    *   The actions of an employee or another offender, including denial of access to the grievance procedure.
    *   Any reprisal against you for the good faith use of the grievance procedure or Access to Courts;
    *   The loss or damage of authorized offender property possessed by persons in the physical custody of the Agency, for which the Agency or its employees, through negligence, are the proximate cause of any damage or loss.
    *   Matters relating to conditions of care or supervision within the authority of the TDCJ, for which a remedy is available.

6.  *You may not grieve:*
    *   State or federal court decisions, laws and/or regulations;
    *   Parole decisions;
    *   Time-served credit disputes which should be directed to the Classification and Records, Time Section;
    *   Matters for which other appeal mechanisms exist;
    *   Any matter beyond the control of the agency to correct.

7.  *Established criteria that may be applied to regular grievances, to ensure that the offender has used the grievance program responsibly;* however, most grievances may be corrected and resubmitted within 15 days from the signature date on the returned grievance.
    *   Grievable time period has expired.   (Step 1 grievances must be submitted within 15 days from the date of incident and Step 2 Appeals must be submitted within 15 days from the date returned to offender on the Step 1.)
    *   Submission in excess of 1 every 7 days.  (All grievances received in the grievance office will be reviewed; however, only one grievance will be processed every Seven days [with the exception of disciplinary appeals, medical grievances, and emergency grievances].)
    *   Originals not submitted. (Carbon copies are not considered originals even if they have an original signature. The original answered Step 1 must be submitted with a Step 2 Appeal.)
    *   Inappropriate/excessive attachments. (Your grievance must be stated on one form and in the space provided. Attach only official documents that support your claim, such as I-60's, sick call requests, property papers, and other similar items)
    *   No documented attempt at informal resolution. (You are required to attempt to resolve issues with a staff member prior to filing a grievance.  Remember, the attempt must be documented in the space provided on the I-127 form.)
    *   No requested relief is stated. (The specific action required to resolve the complaint must be clearly stated in the space provided.)
    *   Malicious use of vulgar, indecent, or physically threatening language directed at an individual.
    *   The issue presented is not grievable. (Refer to #6 above.) **Disciplinary appeals will not be processed until after the disciplinary hearing.**
    *   Redundant. (You may not repeatedly grieve matters already addressed in a previous grievance)
    *   The text is illegible/incomprehensible. (Write your grievance so that it can be read and understood by anyone.)
    *   Inappropriate. (You may not ask for monetary damages or any form of disciplinary action against staff.)

*Do not use a grievance form to comment on the effectiveness and credibility of the grievance procedure; instead, submit a letter or I-60 to the administrator of the Offender Grievance Program.*

Offender Grievance Operations Manual
Appendix B
Revised July 2016

You can only issue one grievance per disciplinary, and you submitted a grievance on 08-14-18. Please allow for the grievance process to be completed, as we have 30 days.

*B - 205T*

| Step 1 | ☐ | Grievance # | Offender Name | ~~TDCJ #~~ | Unit |
|--------|---|-------------|---------------|-----------|------|
| Step 2 | ☒ | 2018181053 | Perry, Clifton | 2101830 | SB |

*(Check which box applies (Step 1 or Step 2)*



Texas Department of Criminal Justice
Offender Grievance Office

## NOTICE OF EXTENSION

In accordance with the procedures outlined in BP-03.77, "Offender Grievances," and AD-03.82,

"Management of Offender Grievances,", you are hereby notified that additional time is necessary to

complete the investigation of your:

**Step 1 Grievance:** *(check the applicable box)*

☐ An additional 30 days is needed for appropriate response to your disciplinary appeal.

☐ An additional 40 days is needed for appropriate response to your grievance.

**Step 2 Grievance:** *(check the applicable box)*

☒ An additional 30 days is needed for appropriate response to your disciplinary appeal.

☐ An additional 40 days is needed for appropriate response to your Step 2 grievance.

☐ An additional 45 days is needed for appropriate response to your medical Step 2 grievance.

_P. Clarkson_
Name

_10/03/2018_
Date

**Original – Send front page only to the Offender.**
**Copy – Attach front and back to the Grievance.**

REV
March 6, 2017

...tions Manual
...pendix M

**Texas Department of Criminal Justice**

# STEP 2

**OFFENDER GRIEVANCE FORM**

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 2018181053 |
| UGI Recd Date: | 9-10-18 |
| HQ Recd Date: | SEP 14 2018 |
| Date Due: | 10/10/2018 |
| Grievance Code: | 411 |
| Investigator ID #: | I2589 |
| Extension Date: | 11-9-18 |
| Date Retd to Offender: | |

(SB)

Offender Name: Clifton PERRY          TDCJ # 2101836

Unit: Bridgeport Correctional   Housing Assignment: F-2   ~~5~~ 124B

Unit where incident occurred: Bridgeport Correctional Center

Case # 2018032099   Grievance # _____ 053

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

Give reason for appeal (Be specific). *I am dissatisfied with the response at Step 1 because...*
I was attacked by Adrian Alanin #1956777 and hit by a fan which caused me to react out of self defense. I talked to Major Shaw and he was even upset that I got G-5. I've been in and out of prison since 1998 and never even had a fighting case, so No Past Disciplinary history and Reason of being attacked, I should not have been G-5 or Adrian Alanin should have been G-5 also. Adrian used a weapon namely my fan to attack me, which there was pictures taken of the scratches from the fan. Major Shaw told me he was gonna call Huntsville because he did not think I needed to be G-5 because he did not think I was unmanageable and he did not know why they G-5 me, Not having any disciplinary history. I've included the statement as to what happened and another Grievance I turned in and got back due to already having turned one in. I am also dissatisfied with the record of the Hearing because I was Put in Pre Hearing Detention 08-03-2018 and did not have a hearing within

YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM          (OVER)

U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS

**Instructions to a Prisoner *Pro Se* Plaintiff**

Your suit _____ was filed on _____ and has been assigned case number _____.

These instructions do not include everything you need to know to pursue your case, but following them may help you avoid common mistakes that can result in delay or other consequences—including dismissal of your case.

1.  **Filing Procedures** - The Local Civil Rules include the following requirements:

    - You must submit a judge's copy (a paper copy) of any document you file. If you want a file-stamped copy returned to you, submit the original, the judge's copy, and an extra copy to be returned to you, and provide a self-addressed, postage-paid envelope. The clerk cannot make an extra copy for you unless you first pay a fee of 50 cents per page.

    - You must type or legibly handwrite your documents on one side of numbered pages. Any exhibit or discovery material attached to the filing must be referred to in the filing. Any exhibit or discovery material not referred to in your filing or not attached to your filing may be returned to you.

2.  **Address Change** - You must notify the Court if your address changes, or your case may be dismissed. Promptly file a written change of address notice in your case.

3.  **Rules to Follow** - You must read and follow the Court's Local Civil Rules and the Federal Rules of Civil Procedure. Because the presiding judge is authorized to change how certain rules apply, you must read and follow the judge's orders in your case.

4.  **Request for Attorney** - In a civil case, you generally are not entitled to a court-appointed attorney to represent you without cost to you. If you request a court-appointed attorney, a judge will decide whether to appoint an attorney depending on the circumstances of the case. Even if the court decides to appoint an attorney, the attorney cannot be forced to accept the appointment. You may call the Lawyer Referral Service of the State Bar of Texas at (800) 252-9690 for assistance in securing the services of a private attorney to represent you for a fee.

5.  **Initial Case Review** - If the Court grants leave to proceed *in forma pauperis*, service of process will be withheld pending review of your complaint, and your complaint may be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

6.  **Copies to Defendant** - After a defendant has been served your complaint, you must serve a copy of any other document you file upon the defendant's attorney (or upon the defendant, if the defendant is pro se). You must serve the opposing side by mail or another manner authorized by FED. R. CIV. P. 5 (b)(2). All documents must contain a Certificate of Service reflecting that you served the opposing side. This is an example of language you may use:

    - I hereby certify that on __(Date)__, I forwarded a copy of the foregoing document to _____, the attorney for (Defendant) at the address of _____.

        /Signature/_____

7.  **Discovery Materials** - Do not file discovery materials with the clerk. If you file a motion to compel discovery, you may attach only the portions of discovery that are relevant to your motion.

8.  **Questions About Your Case** - Do not write letters to the judge asking questions about your case - all communication with the judge should be through filings. Do not write letters to the clerk asking for instructions on how to handle your case, since the clerk is prohibited from giving legal advice.

Original CopY
The Judge's Copy
MY CopY to be file-stamped with Postage paid envelope.
Application To Proceed In forma Paupers
Certificate of inmate Trust Account
A current 6 month History of my inmate Trust Account,
Motion for the Appointment of Counsel

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Clifton Darrell Perry TDCJ# 02101830
*Plaintiff*
)
)
)
)                    Civil Action No.
)
Gary curre, Lorie Parker, Patsy Johnson
Sharon Peters, Kayla Rigby, Bruce Rasco,
Roxanna charlisle, charles welmoth,
Selena Ince, and Captain DeCola.
*Defendant*

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Gary Curre, lorie Parker, Patsy Johnson, Sharon Peters,
Kayla Rigby, Bruce Rasco, Roxanna Charlisle, charles welmoth,
Selena Ince and Captain DeCola,
4000 North 10th street    Bridgeport, Texas 76426

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Clifton Darrell PERRY #02101830
Billy Moore unit
8500 North fm 3053
Overton, Texas 75684

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:



Clifton Dorsey, PERRY #02108310
Billy meyers unit
8500 N. fm 3053
okketree, Texas 75684

Legal

US District Court
office of the Clerk
501 W tenth St Rm 310
Fort Worth, Texas 76102

RECEIVED
DEC 13 2019
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

11:25

PRIVILEGED OFFENDER
MAIL NOT INSPECTED
BY TDCJ-CID